IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

QUINTON PETERSON,

          Petitioner,

v.                                                  CIVIL ACTION NO.   3:19-0126

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Quinton Peterson's Motion for Reconsideration. *Mot. for Reconsideration*, ECF No. 54. Petitioner filed a Memorandum of Law along with his Motion, as well as a Notice of Appeal to the Fourth Circuit Court of Appeals. *See Mem. of Law*, ECF No. 55; *Notice of Appeal*, ECF No. 57. For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

**I. BACKGROUND**

Proceeding *pro se*, Petitioner initiated this action by filing his petition for a writ of habeas corpus on February 21, 2019, pursuant to 28 U.S.C. § 2254. *See Pet.*, ECF No. 1. Petitioner alleged that a number of constitutional and procedural violations had led to his conviction for first-degree murder in 2008, and that unduly slow state habeas proceedings warranted excusing the exhaustion requirement embedded in § 2254. *Id.* at 5–6. By standing order, this case was referred to Magistrate Judge Cheryl A. Eifert for her preliminary findings of fact and recommendation for disposition. She issued her Proposed Findings and Recommendation ("PF&R") on October 30, 2019, concluding that excusing exhaustion on the basis of inordinate delay was not warranted. *See*

*PF&R*, ECF No. 33. Petitioner timely filed a set of objections to the PF&R on November 20, 2019, which the Court denied in its May 4, 2020, Memorandum Opinion and Order. *See Peterson v. Ames*, No. 3:19-0126, 2020 WL 2114568 (S.D.W. Va. May 4, 2020). Petitioner followed entry of that Order with the instant Motion for Reconsideration, which the Court now addresses.

## II. LEGAL STANDARD

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Within the Fourth Circuit, such motions may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). No matter the basis, granting a Rule 59(e) motion "is any extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

## III. DISCUSSION

Petitioner's Motion for Reconsideration is not particularly clear about what precise points he asks the court to reconsider. *See generally Mem. of Law*, at 1–14. Nevertheless, Petitioner is proceeding *pro se* and so the Court treats his filings with the "special judicial solicitude" that status demands. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this relaxed standard, however, Petitioner's Motion must fail. It appears the thrust of his argument is that the Court can consider three of his exhausted state-court claims without considering any unexhausted ones. *See Mem. of Law*, at 1. This much is true; the Court can *choose* to consider Petitioner's exhausted state court claims without examining those that have not yet been exhausted. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (reasoning that district courts facing a "mixed"

petition of exhausted and unexhausted claims may dismiss it in its entirety, order a stay and abeyance while the petitioner exhausts his claims in state court, or allow the petitioner to excise the unexhausted claims and proceed to an analyze only those he has already exhausted). It is within the discretion of this Court to determine how to proceed, and nothing alters its earlier calculation that dismissal is the appropriate remedy here.

In any event, even this much is discussion is somewhat superfluous. A motion for reconsideration may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081. Petitioner points to no change in controlling law (because no law has changed), no new evidence (because none exists), and no clear error of law or manifest injustice (because none has occurred). His Motion for Reconsideration will be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Reconsideration, ECF No. 54, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    June 8, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE